```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NYC STREET TREE CONSORTIUM, INC.,    :
                                     :
     Plaintiff,                      :
                                     :      07-CV-0348(BSJ)
                                     :
                                     :      MEMORANDUM ORDER
                                     :
BARBARA EBER-SCHMID and               :
ROBERT SCHMID,                       :
                                     :
     Defendants.                     :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Pursuant to Federal Rule of Civil Procedure 12(h), Defendants Barbara Eber-Schmid ("Eber-Schmid") and Robert Schmid ("Schmid") (collectively, "Defendants") move to dismiss the Complaint of Plaintiff NYC Street Tree Consortium, Inc. ("Plaintiff" or "TNY") for lack of subject matter jurisdiction, based upon the absence of diversity of citizenship. For the reasons that follow, Defendants' motion is GRANTED.

### INTRODUCTION

TNY is a New York corporation. (Compl. ¶ 9). TNY's Complaint, which was filed on January 16, 2007, alleges that, "at all times hereinafter mentioned, until June 22, 2005," Defendants "resided" at an address in Livingston, New Jersey.[1]

---

[1] While TNY faied to allege diversity at the time of the filing of its Complaint, and alleged residence, rather than domicile, for the purposes of this motion, the Court deems the Complaint amended to allege that Defendants were New Jersey domiciliaries at the time of its filing. See Durst v. Seegler, No. 04 Civ. 6981 (RMB), 2005 U.S. Dist. LEXIS 32017, n.1 (S.D.N.Y.

1

(Compl. ¶¶ 10-11). On this basis, TNY alleges diversity of citizenship as this Court's sole basis of jurisdiction over this action. (Compl. ¶ 7).

On March 30, 2007, Defendants moved to dismiss the Complaint, pursuant to Federal Rule 12(b)(6), for failure to state a claim; the Court granted Defendants' motion in part and denied it in part. See April 21, 2008 Order. On May 2, 2008, Defendants submitted their Answer to the Complaint. On May 5, 2008, after the close of discovery, Defendants alerted the Court that they had "just become aware that there is an issue as to subject matter jurisdiction based upon an apparent lack of diversity;" after holding a telephone conference, the Court allowed Plaintiff to proceed with additional discovery relating to this issue. See May 14, 2008 Order. On August 8, 2008, Defendants brought the instant motion to dismiss.

## FACTUAL BACKGROUND[2]

For the purposes of this motion, the following facts are undisputed. Since 1976, Defendants, who are married, have rented an apartment in New York, New York (the "Apartment"). In or around 1992, they purchased a second residence, a house in Livingston, New Jersey (the "House"), approximately twenty miles away from the Apartment. (Affidavit of David Schmid ("Schmid

---

Dec. 7, 2005) (deeming complaint that alleged residency amended to allege domicile).
[2] The Court set forth additional facts relevant to this action in its April 21, 2008 Order; familiarity with that Order is presumed.

2

Aff."), ¶¶ 8-10, 13-15). Until 1992, the Apartment was their sole residence, and New York was their indisputable domicile.

Since 1992, Defendants have continued to pay New York State Income Taxes and New York City Resident Taxes; they have never paid New Jersey income taxes. Their 2005, 2006 and 2007 Federal Tax Returns list their New York address, as have their W-2 forms since at least 1988. (Schmid Aff. ¶¶ 31-37, Ex. 11). Since at least 1988, Defendants have not been employed outside of New York, and their W-2 forms have listed their New York address. (Id. ¶¶ 40-44). As recently as 2005, both Defendants held positions that required residence in New York. (Id. ¶¶ 42, 45). Since at least 1976, Defendants have been registered to vote in New York, and they regularly do so; neither has registered or voted in New Jersey. (Id. ¶¶ 22-27). Over the years, both Defendants have been active in New York politics, clubs, and civic organizations. (Id. ¶¶ 24, 28-29).

At the time this action was commenced, Defendants owned one automobile, which was registered and insured in New York. (Id. ¶ 48.) Both of their cell phones are issued from and billed to New York. (Id. ¶ 64). Defendants maintain bank accounts and use attorneys in New York; they use physicians and health care providers in New York and New Jersey. (Id. ¶¶ 50-54, 65, Ex. 12, 13). Defendants spend significant amounts of time, maintain personal property and receive mail and bills at both of their

residences; they purchase goods and services in both states. (Id. ¶¶ 57-63). Schmid has always had a New York driver's license; Eber-Schmid has always had a New Jersey driver's license. (Id. ¶¶ 55-56).

Defendants' son ("Noah") attended public middle and high schools in New Jersey until his high school graduation in 2002; he attended college in New York, where he currently pursues graduate studies at New York University. (Affidavit of Noah Eber-Schmid, ¶¶ 3, 6). Defendants are members of Temple Emanuel in New Jersey. (Schmid Aff. ¶ 30). Defendants have used their New Jersey address on business, financial, tax-related and legal documents, and they rely on New Jersey-based accountants to assist them with the filing of their tax returns. (See Declaration of Adam J. Heintz ("Heintz Decl."), Ex. 2, 3, 4, 15, 17, 18, 19, 20). Over the years, Defendants have been sued and served with process numerous times in New Jersey; indeed, Defendant Schmid was personally served with the Summons and Complaint in this action at the House, in New Jersey, on a Thursday morning. (Declaration of Adam J. Heintz ("Heintz Decl."), Ex. 8, 21, 22, 23).

## DISCUSSION

TNY contends that Defendants are domiciled in New Jersey, giving rise to diversity of citizenship and subject matter jurisdiction. Defendants insist that diversity of citizenship

4

is absent because they have never changed or relinquished their long-established New York domicile. The Court agrees with Defendants.

## 1. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). It is the plaintiff's responsibility to affirmatively establish subject matter jurisdiction. Id.

A party's citizenship for purposes of diversity jurisdiction is a mixed question of fact and law, which is properly resolved by the district court. Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 41-42 (2d Cir. 2000). On a motion to dismiss under Rule 12(b)(1), a court may refer to evidence outside of the pleadings, such as affidavits and documentary exhibits. See Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

### a. Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists only when "all

5

adverse parties to a litigation are completely diverse in their citizenships." Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001). The existence of federal diversity jurisdiction "is determined by examining the citizenship of the parties at the time the action is commenced." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (quotation omitted).

### b. Domicile

The plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. Linardos, 157 F.3d at 947. For purposes of diversity jurisdiction, citizenship is based upon domicile. Id., at 948. "Domicile is the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." Id. Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47-49 (1989).

Courts presume that a long-term domicile in a particular jurisdiction will continue, "absent sufficient evidence of change." Palazzo, 232 F.3d at 42; see also Herrick, Inc. v. SCS Communs., Inc., 251 F.3d 315, 323-24 (2d Cir. 2001) (a presumption of continuing domicile must be overcome); Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998) (a party's domicile is "presumed to continue" until it is superseded by a new

6

domicile). As such, a "party alleging that there has been a change of domicile has the burden of proving . . . intent to give up the old and take up the new [domicile] . . . by clear and convincing evidence." Palazzo, 232 F.3d at 42 (internal quotations marks and citations omitted); see also Kleiner v. Blum, No. 03 Civ. 3946 (NRB), 2003 U.S. Dist. LEXIS 17081, at * 1 (S.D.N.Y. Sept. 20, 2003) ("A party alleging a change of domicile faces a contrary presumption and must establish the change by clear and convincing evidence.").

"Factors frequently taken into account [in determining domicile] include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." Bank of India v. Subramanian, No. 06 Civ. 2026 (WHP), 2007 U.S. Dist. LEXIS 35148, at *3 (S.D.N.Y. May 15, 2007). Courts also consider "whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." Nat'l Artists Mgmt. Co., Inc. v. Weaving, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). No single factor is determinative, and

7

courts must consider the "totality of the evidence." Weaving, 769 F. Supp. at 1228.

## 2. Analysis

Because there is no dispute that Defendants maintained a domicile in New York for many years prior to their acquisition of a residence in New Jersey in 1992, TNY must show by clear and convincing evidence that Defendants had effected a change of domicile by January 16, 2007. TNY has not met that burden.

The record makes clear that Defendants maintain two permanent residences, in New York and New Jersey, and that they have done so for many years. Defendants spend significant amounts of time at both residences; as TNY concedes, "there is little doubt that defendants were present in *both* states more than 183 days in any recent year." (September 3, 2008 Letter from Ruti Smithline). New York, however, remains Defendants' presumptive domicile. Even if TNY has established an additional domicile in New Jersey, "the presumptive domicile prevails where, as here, the record supports two potential domiciles." Bank of India, 2007 U.S. Dist. LEXIS 35148, at *3.

In hopes of demonstrating that Defendants' domicile lies in New Jersey, rather than New York, TNY highlights portions of Defendants' and Noah's deposition testimony, selected representations to third parties, and shopping and commuting habits, as reflected in credit card and E-Z Pass records. On

8

the basis of that evidence, TNY contends that Defendants spend the vast majority of their time in New Jersey, treat the House as their home, and use the Apartment as, at most, a secondary residence. Even accepting the truth of these facts, they do not defeat the multitude of factors that belie any intent, on Defendants' part, to change their domicile. See, e.g., Halbritter v. Stonehedge Acquisition Rome II, LLC, No. 07 Civ. 43848 (WHP), 2008 U.S. Dist. LEXIS 26042 (S.D.N.Y. Apr. 2, 2008) (holding, where some factors suggested that plaintiff intended to change her domicile, but others did not, "Because there is conflicting evidence supporting domicile in New York and Florida, [plaintiff] has not provided clear and convincing evidence that she changed her domicile from New York to Florida."); Durst v. Seegler, No. 04 Civ. 6981 (RMB), 2005 U.S. Dist. LEXIS 32017, at * 8 (S.D.N.Y. Dec. 7, 2005) (rejecting voter registration, driver's license and tax returns as insufficient evidence of changed domicile); Kleiner, 2003 U.S. Dist. LEXIS 17081, at *2 (rejecting evidence that the "plaintiff resides in New York, has adult children residing in New York, receives medical care in New York, receives his bills in New York, and maintains a pro bono office in New York" because of conflicting evidence that he remains registered to vote in his presumptive domicile).

In that light, and in view of the totality of the evidence, the Court finds that TNY has not made a clear and convincing demonstration that Defendants changed their domicile from New York to New Jersey. Because diversity of citizenship was the sole basis for jurisdiction in this action, the absence of diversity defeats the Court's jurisdiction and dictates dismissal.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court shall close this case.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         February 18, 2009